# IN THE COURT OF APPEALS OF IOWA

No. 20-1102
Filed November 30, 2020

IN THE INTEREST OF C.G.,
Minor Child,

M.G., Mother,
       Appellant.
_____

Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Dusty Lea Clements of Clements Law and Mediation, Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

William E. Sales III of Sales Law Firm, P.C., Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her child, born in 2013, pursuant to Iowa Code section 232.116(1)(e) and (f) (2020).[1] She contends termination is not in the child's best interests given the parent-child bond, the State failed to make reasonable efforts at reunification, and she should have been granted a six-month extension.

## I.     Background Facts and Proceedings

The mother consented to temporary removal of her child in December 2018 after entering inpatient treatment for her unresolved substance-abuse issues. The mother admitted to heroin use and tested positive for morphine and hydrocodone. Upon the State's application, the juvenile court entered a formal order for temporary removal, and the child was placed in the care of the maternal grandmother. The State petitioned for a child-in-need-of-assistance adjudication, which was entered in February 2019 upon the parties' stipulation. The mother was drug tested following the adjudication hearing, and she admitted she would test positive for heroin and methamphetamine. At the time of the dispositional hearing in April, the mother continued to struggle with substance abuse.

In May, the mother admitted to consuming methamphetamine and THC, which a drug test confirmed. In July, the court ordered the child be placed in foster care upon the guardian ad litem's motion for modification of placement. In the ensuing months, the mother variously tested positive for THC and alcohol and failed to appear for multiple scheduled drug tests. By September, the Iowa

---

[1] The parental rights of the child's putative father were also terminated. He did not participate in the proceedings and does not appeal.

Department of Human Services (DHS) recommended the State file a petition for termination of parental rights given the mother's unstable housing and employment and unresolved substance-abuse and mental-health issues. Later that month, the mother was arrested for violating her probation and was sentenced to complete long-term treatment, which the mother engaged in.

In November, the mother progressed to semi-supervised visitation, and she reported being sober for sixty days. Following a December review hearing, the court granted the mother a six-month extension to work toward reunification based on the mother's continued participation in inpatient substance-abuse treatment. Until the middle of that month, the mother appeared to be making progress with her substance abuse and mental health. She engaged in recovery court and Progress Iowa. Then things began to unravel—the mother began missing classes, appointments, and recovery court. In late December, the mother was unsuccessfully discharged from inpatient treatment as a result of being aggressive with staff, after which visitation reverted to fully supervised. Then, in early January 2020, the mother entered residential treatment, which she successfully completed in February. But then, in February, the mother was discharged from recovery court for lack of engagement, and she was incarcerated from early March to mid-April for violating her probation. Also in February, the foster parents advised they could no longer serve as a permanency option due to the behavior of the mother and her relatives toward the foster family. Thereafter, the child was moved to a new foster home in April. The State filed its termination petition shortly before the mother's release from custody. Following the mother's release from custody, visitations were held via video conference as a result of the COVID-19 pandemic, but the

mother was inconsistent in participating. The mother reengaged in inpatient treatment in late May, but she was asked to leave in early June for physically assaulting a child.

The matter proceeded to a termination hearing on June 10 and 12. At the time, the mother continued to have unstable housing and employment. She testified her most recent relapse was mere weeks before the termination hearing, when she used marijuana, opiates, and heroin. The mother requested the child be placed with her family and she be given additional time to work on her sobriety. She testified she intended to reenter inpatient treatment roughly a week after the termination hearing. While DHS was still considering an out-of-state relative to serve as a permanency option, the child was placed in a pre-adoptive foster home that was willing to serve as a permanent placement. The child has expressed that he wants to remain in his current foster home.

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (f). The mother appeals.

## II.      Standard of Review

Appellate review of orders terminating parental rights is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

III.     **Analysis**

A.      Reasonable Efforts

The mother argues DHS failed to make reasonable efforts at reunification. She cites the suspension of in-person visits in March 2020 in response to the COVID-19 pandemic. She also complains that she was not offered in-person visits when they were allowed to resume roughly a week before the termination hearing. DHS "shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." Iowa Code § 232.102(9). "A child's health and safety shall be the paramount concern in making reasonable efforts." *Id.* § 232.102(12). DHS need only provide those services that are reasonable under the circumstances. *See In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000). Given the COVID-19 pandemic, we find switching to virtual visits was certainly reasonable. As to the mother's claim that not offering her in-person visits once they were allowed shortly before the termination hearing amounted to a failure to make reasonable efforts, we disagree. The mother had recently relapsed. And the child's therapist recommended that the mother and child only have face-to-face interactions if the mother was seeking active recovery, which she was not. We find the DHS's efforts at reunification were reasonable under the circumstances.

B.      Best Interests and Statutory Exception

The mother does not challenge the sufficiency of the evidence supporting the statutory grounds for termination, so we need not address that issue. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The mother argues "it is not in the child's best interest for [her] rights to be terminated, given [her] plan to reenter an inpatient

treatment program." In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

Here, the matter initially progressed to a recommendation that termination be pursued. The mother did not enter treatment until nearly a year after the December 2018 removal, when it was ordered as a result of her probation violation. The mother engaged in treatment and made progress in late 2019 and, as a result, she was granted a six-month extension. After the mother's unsuccessful discharge from one treatment program, she was in and out of other programs for the ensuing months, one of which she successfully completed. But the mother continued to have unstable housing and employment, and she continued to relapse, including an occasion mere weeks before the termination hearing when she used marijuana, opiates, and heroin.

"We hold no crystal ball, and to some extent, the [best-interests] determination must be made upon past conduct." *In re M.M.*, No. 16-1685, 2016 WL 7395788, at *4 (Iowa Ct. App. Dec. 21, 2016). Addiction is a crippling affliction. While we hope the mother prevails in her battle with substance abuse, "we cannot deprive a child of permanency after the State has proved a ground for termination" upon such sentiments. *See In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012). The mother has had ample time to get her substance abuse in check. Given the mother's track record, namely her participation in several treatment programs yet ongoing need for removal given her continued substance abuse, we are unable to

agree her "plan to reenter an inpatient treatment program" renders termination contrary to the child's best interests.

The mother goes on to argue termination is contrary to the child's best interests given the parent-child bond. We interpret her argument as a request for application of the statutory exception to termination contained in Iowa Code section 232.116(3)(c). We first note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). The juvenile court may forego termination upon "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). While we acknowledge a bond between the mother and child, we conclude the mother failed to meet her burden to show detriment to the child resulting from termination. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (noting parent bears burden to establish an exception to termination). The child's life has been fraught with instability due to the mother's actions, and he has a preference for a stable home and consistency. We are unable to determine termination will be detrimental to the child due to his bond with the mother.

We conclude termination is in the child's best interests and the exception to termination should not be applied.

C.    Additional Time

Finally, the mother claims the court erred in declining her six additional months to work toward reunification. She believes an extension was warranted based on "her plan to enter inpatient treatment and due to her successful

completion of inpatient treatment earlier in the case." But the mother was already granted a six-month extension based upon a hope that her participation in inpatient treatment would remedy the need for removal. It ultimately did not.

If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." Given the mother's track record and past parenting performance, we are unconvinced the need for removal will no longer exist after six months. The mother goes on to argue the child will suffer no additional harm if permanency is delayed an additional six months, asserting adoption will take time given the child's relatively new foster placement and the DHS's continuing consideration of a relative placement. To support her argument, the mother cites our decision *In re K.M.*, where we granted an extension on the basis that a delay would not result in additional harm to a child. No. 16-0795, 2016 WL 4379375, at *9 (Iowa Ct. App. Aug. 17, 2016). But there, we were able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal . . . will no longer exist at the end of the additional six-month extension." *See id.* at *8–9 (quoting Iowa Code § 232.104(2)(b)). We are unable to do so here, so we conclude an extension is not warranted.

**IV.     Conclusion**

We find the State made reasonable efforts at reunification, termination is in the child's best interests, the requested exception should not be applied, and additional time is unwarranted.  We affirm the termination of the mother's parental rights.

**AFFIRMED.**